**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CHRISTOPHER DAVID HAITHCOCK,**

**Plaintiff,**

**v.**

**Civil Action 2:20-cv-6317**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Elizabeth P. Deavers**

**MATT T. WIEDMAN, *et al.*,**

**Defendants.**

**ORDER and**
**REPORT AND RECOMMENDATION**

Plaintiff Christopher David Haithcock, an Ohio resident proceeding without the assistance of counsel, brings this action against Defendants Matthew T. Wiedman, Judge Steven Beathard, and Darci Moore. This matter is before the Undersigned for an initial screen of Plaintiff's Complaint, ECF No. 1-1, under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action. The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's request for the appointment of counsel, ECF No. 8.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> * * *
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

Plaintiff, proceeding without the assistance of counsel, alleges that Defendants Matt Wiedman, Judge Steven Beathard,[2] and Darci Moore have "put[] [Plaintiff's] life at risk" by not

[2] The Court takes judicial notice that Defendant Judge Beathard is a Judge for the Fayette County Court of Common Pleas. *See* Fayette County, Ohio website, "Common Pleas Court," available at: https://www.fayette-co-oh.com/government/courts/common_pleas_court.php; *see also* Fed. R. Evid. 201(b) and (c) (a court "may take judicial notice on its own" of facts "not subject to

following "proper protocols" in response to the Covid-19 pandemic. (*See generally* ECF No. 1-1.) Specifically, Plaintiff alleges that Defendant Wiedman "failed to prevent [Plaintiff] and others [from Covid-19] with proper cleaning supplies, face masks, [and] no hand sanitizer," which Plaintiff alleges constitutes a violation of his Eighth Amendment Rights. (*Id.* at PAGEID # 10.) Plaintiff also alleges that Defendant Judge Beathard "failed to release inmates from jail that did not have Covid-19 [who] got tested and [were] negative." (*Id.*) Finally, Plaintiff alleges that Defendant Moore "failed to give [inmates] face masks, sanitizers, and proper cleaning supplies," that she worked with the Sheriff's Department to place inmates who had Covid-19 with inmates who did not have Covid-19, and that she gave Plaintiff no medical attention when Plaintiff was "sick and ill for days." (*Id.*) Plaintiff does not expressly seek compensatory damages, but he states that he "want[s] all parties to be punished," and that he wants to make sure that "if there's another pandemic [people] will be treated fairly and [will] get the medical attention they need." (*Id.* at PAGEID # 12.) Plaintiff adds that "I just think proper protocols should be handled at a professional level and it wasn't," and that "the defendants put my life and others in jeopardy and it's wrong and they need to pay." (*Id.*)

Reading Plaintiff's Complaint liberally, the Undersigned deciphers that Plaintiff brings suit under 42 U.S.C. § 1983, arguing that Defendants, under color of law, violated his rights secured by the Cruel and Unusual Punishments Clause of the Eighth Amendment to the United States Constitution. (ECF No. 1-1 at PAGEID ## 10 (alleging that Defendant Wiedman's actions constituted a "violation of [Plaintiff's] 8th Amendment rights," that his "8th Amendment rights have been violated [in] multiple ways," that Plaintiff's "8th Amendment rights have been violated" by Defendant Moore, and that he was subjected to "cruel and unusual punishment!"),

---

reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy can not reasonably be questioned").

12 (alleging that Defendants "violated [his] 8th Amendment rights").) 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

*Id.* In order to proceed under Section 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under Section 1983 must allege that the deprivation of his rights was intentional or at least the result of gross negligence. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under Section 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

As a threshold matter, Plaintiff does not allege that Defendants acted under color of state law, but for purposes of this initial screen the Court assumes, *arguendo*, that Plaintiff did make such allegations. Even if that were true, Plaintiff could not bring his claims against Defendants in their official capacities, as "'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' which is 'no different from a suit against the State.'" *McCoy v. Michigan*, 369 F. App'x 646, 654 (6th Cir. 2010) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The Eleventh Amendment of the United States Constitution operates as a bar to federal court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent*.* *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331,

334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Here, it is unclear whether Plaintiff seeks monetary damages. (ECF No. 1-1 at PAGEID 12 (requesting that Defendants "need to pay.").) Accordingly, to the extent Plaintiff seeks monetary damages, it is **RECOMMENDED** that Plaintiff's claim for monetary relief be **DISMISSED**.

That recommendation notwithstanding, there is an exception to the state sovereign immunity rule, "if an official-capacity suit seeks only prospective injunctive or declaratory relief." *Shine-Johnson v. Gray*, No. CV 2:19-5395, 2020 WL 3036072, at *3 (S.D. Ohio June 5, 2020) (citing *Cady v. Arenac Cty.*, 574 F.3d 334, 344 (6th Cir. 2009); *Papasan v. Allain*, 478 U.S. 265, 276 (1986)); *see also Mitchell v. Ohio State Univ.*, No. 2:19-CV-4162, 2020 WL 5250459, at *6 (S.D. Ohio Sept. 3, 2020) ("Official-capacity § 1983 claims are limited to prospective injunctive relief."). Here, Plaintiff arguably seeks declaratory and injunctive relief. (ECF No. 1-1 at PAGEID # 12.) Specifically, Plaintiff requests that Defendants "get better safety precautions so if there's another pandemic [people] will be treated fairly and [will] get the medical attention they need." (*Id.*) Plaintiff also requests that "proper protocol should be handled at a professional level." (*Id.*) Because Plaintiff arguably seeks declaratory and injunctive relief against the Defendants, the exception to the state sovereign immunity rule may apply. The Court will analyze Plaintiff's claims to see if the exception applies to any of the Defendants.

### A. Defendant Judge Beathard

Plaintiff alleges that Defendant Judge Beathard "failed to release inmates from jail that did not have Covid-19 [who] got tested and [were] negative." (ECF No. 1-1 at PAGEID # 10.) Defendant Judge Beathard, however, is entitled to absolute judicial immunity as a state court judge for the Fayette County Court of Common Pleas. *Padgett v. Kentucky*, No. 1:21-CV-12, 2021 WL 215647, at *3 (S.D. Ohio Jan. 21, 2021) ("Judges retain absolute immunity from [Section 1983] liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them.") (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F. 3d 600, 607 (6th Cir. 2001)).

Plaintiff's claim against Defendant Judge Beathard also is barred by the *Rooker-Feldman* doctrine, which "bars lower federal courts from conducting appellate review of final state-court judgments." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012). Here, because the source of Plaintiff's purported injury is Defendant Judge Beathard's state court decision not to release inmates, this Court has no subject matter jurisdiction over Plaintiff's claim. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) ("If the source of the injury is [a] state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction.")

For these reasons, it is **RECOMMENDED** that Plaintiff's claim against Defendant Judge Beathard be **DISMISSED**.

### B. Defendants Wiedman and Moore

With regard to Defendants Wiedman and Moore, the Court believes that Plaintiff makes two claims. First, Plaintiff alleges that Defendants Wiedman and Moore failed to provide proper

cleaning supplies, face masks, and hand sanitizer, and that Defendant Moore "plac[ed] inmates with Covid-19 with [people] [who] don't," which can be liberally construed as claims that Defendants Wiedman and Moore were deliberate indifferent to a substantial risk of serious harm. (ECF No. 1-1 at PAGEID # 10.) Second, Plaintiff alleges that Defendant Moore "gave [Plaintiff] no medical attention and [Plaintiff] was sick and ill for days," which can be liberally construed as a claim that Defendant Moore acted with deliberate indifference toward Plaintiff's serious medical needs. (*Id.*) The Court will address these allegations in turn.

**1. Deliberate Indifference.**

The Eighth Amendment protects all people from "cruel and unusual punishments." U.S. Const. amend. VIII.

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being . . . .The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety—it transgresses the substantive limits on state action set by the Eighth Amendment . . . .

*Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020) (citing *Helling v. McKinney*, 509 U.S. 25, 32, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989))).

"The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, and . . . 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (first quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), then quoting *Helling*, 509 U.S. at 31). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828.

The Eighth Amendment's deliberate indifference framework includes both an objective and subjective prong. *Id.* at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Here, the objective component of Plaintiffs' deliberate indifference claim plainly has been met, for reasons this Court previously has discussed:

> This Court agrees with the other district courts across the country [that] have found COVID-19 to be an objectively intolerable risk of harm to prisoners when it enters a prison. "There is no doubt that infectious diseases generally and COVID-19 specifically can pose a risk of serious and fatal harm to prison inmates." *Valentine v. Collier*, 956 F.3d 797, 802 (5th Cir. 2020); *see also Wilson v. Williams*, No. 4:20-cv-794, —— F.Supp.3d ——, ——, 2020 WL 1940882, at *8, 2020 U.S. Dist. LEXIS 70674, at *19–20 (N.D. Ohio Apr. 22, 2020) (finding petitioners obviously satisfied the objective requirement stating "[a]t this moment a deadly virus is spreading amongst [the prison] population and staff," which can lead to pneumonia, diminished oxygen, organ failure, and death.); *Money,* 453 F.Supp.3d at ——, 2020 WL 1820660 at *18 (noting that that "nobody contests the serious risk that COVID-19 poses to all inmates and prison staff, and even more to the most vulnerable inmates"); *Wilson v. Williams*, 961 F.3d 829, 842 (6th Cir. 2020) (finding a substantial risk of serious harm satisfying the objective element of the Eighth Amendment based on the conditions in an Ohio prison in light of COVID-19).

*Smith v. DeWine*, 476 F.Supp.3d 635, 662 (S.D. Ohio 2020); *see also Perez-Perez v. Adducci*, 459 F. Supp. 3d 918, 926–27 (E.D. Mich. 2020) ("No one can deny that the health risks caused by the pandemic are grave. Objectively, the health risks posed by COVID-19 are abundantly clear. The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death.").

The subjective component, on the other hand, requires inmates to show that prison officials knew of and disregarded an excessive risk, thereby acting with deliberate indifference. *Smith,* 476 F.Supp.3d at 661 (citing *Farmer,* 511 U.S. at 834, 837-38). Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[I]t is enough that the official acted or failed to act despite his

knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. Thus, prison officials who knew of "a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Wilson*, 961 F.3d at 840 (citing *Farmer*, at 844). The key inquiry is whether prison officials responded reasonably to the risk. *Id.* (citing *Farmer,* 511 U.S. at 844).

Against this backdrop, Plaintiff alleges that Defendants Wiedman and Moore failed to provide proper cleaning supplies, face masks, and hand sanitizer. (ECF No. 1-1 at PAGEID # 10.) The Court finds that Plaintiff's allegations are insufficient to meet the subjective component of Plaintiffs' Eighth Amendment claim as a matter of law. This Court previously has held that claims based on the "protective measures taken to protect against the spread of the virus," in the absence of allegations that any of the Defendants exhibited deliberate indifference to plaintiffs' exposure to COVID-19, do not rise to a deliberately indifferent unreasonable failure to act:

> Plaintiffs in this case have failed to allege facts from which the Court can infer a violation of their Eighth Amendment rights. Although the Court is sympathetic to plaintiffs' concerns regarding COVID-19, neither plaintiff asserts that any named defendant exhibited deliberate indifference to either inmate's exposure to COVID-19. Plaintiffs' general conclusory allegation that the prison system is ill-equipped for social distancing or protecting inmates is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. Furthermore, although plaintiffs allege that defendants were negligent in their response to the virus, negligence is insufficient to state an Eighth Amendment claim. *See Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). Plaintiffs have otherwise failed to allege facts suggesting that defendants disregarded the risks associated with COVID-19 or were otherwise deliberately indifferent to their health or safety. To the contrary, as noted above, plaintiffs complain about numerous protective measures taken to protect against the spread of the virus, maintaining that such measures also violate their constitutional rights. Accordingly, the allegations in the complaint are insufficient to state an actionable claim under the Eighth Amendment.

*McCrary v. DeWine,* No. 1:20-CV-388, 2021 WL 320737, at *4 (S.D. Ohio Feb. 1, 2021) (internal footnote omitted). Supporting this conclusion is the fact that "the CDC's own guidance 'presupposes that some modification of its social-distancing recommendations will be necessary in institutional settings.'" *Blackburn v. Noble*, No. 3:20-cv-46, 2020 WL 4758358, at *6 (E.D. Kent. Aug. 17, 2020) (citing *Swain v. Junior*, 958 F.3d 1081, 1089 (11th Cir. 2020)). Further,

> the fact that COVID-19 has spread among [] inmates does not establish . . . the necessary state of mind to satisfy the subjective deliberate indifference prong as to the safety measures implemented to protect inmates from COVID-19. *See Farmer*, 511 U.S. at 844, 114 S.Ct. 1970 (the fact that "the harm ultimately was not averted" does not demonstrate deliberate indifference); *Wilson*, 961 F.3d at 841 (finding "while the harm imposed by COVID-19 on inmates at Elkton ultimately [is] not averted, the BOP has responded reasonably to the risk and therefore has not been deliberately indifferent to the inmates' Eighth Amendment rights," noting evidence that the BOP took preventative measures, including screening for symptoms, educating staff and inmates about COVID-19, cancelling visitation, quarantining new inmates, implementing regular cleaning, providing disinfectant supplies, providing mask, and engaging in efforts to expand testing "demonstrate the opposite of a disregard of a serious health risk") (internal quotations and citations omitted).

*Id*. at *7 (footnote omitted).

Although Plaintiff may disagree with the sufficiency of the actions that Defendants Weidman or Moore took in response to COVID-19, Plaintiff has not alleged facts sufficient to demonstrate that Defendants Weidman or Moore acted with "deliberate indifference" within the meaning of the Eighth Amendment. Accordingly, it is **RECOMMENDED** that Plaintiffs' deliberate indifference claims against Defendants Weidman or Moore be **DISMISSED** in their entirety.

**2. Medical deliberate indifference.**

Plaintiff also claims that Defendant Moore "gave [Plaintiff] no medical attention and [Plaintiff] was sick and ill for days." (ECF No. 1-1 at PAGEID # 10.) It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting

pain on an inmate by acting with deliberate indifference toward [his or her] serious medical needs." *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations and citations omitted). A claim for medical deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained as follows:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir.2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011). Where the risk of serious harm is obvious, it can be inferred that the defendants had knowledge of the risk. *Farmer*, 511 U.S. at 842. The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments. However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted). Along similar lines, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs, Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). Rather, the Sixth Circuit considers the subjective component to be satisfied where defendants recklessly disregard a substantial risk to a plaintiff's health. *Parsons v. Caruso*, 491 F. App'x 597, 603 (6th Cir. 2012). Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute

over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

Plaintiff must again satisfy both the objective and subjective components to adequately state a claim for deliberate indifference. First, the objective component mandates that a plaintiff demonstrate a "sufficiently serious" medical need, "which is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (internal citations omitted). Here, Plaintiff arguably has met this burden, as he alleges being "sick and ill for days." (ECF No. 1-1 at PAGEID # 10.) Because Plaintiff also alleges having contracted Covid-19, the Court will assume, *arguendo*, that Plaintiff alleges being "sick and ill [with Covid-19] for days." As discussed above, it is well established that being diagnosed with Covid-19 constitutes a "sufficiently serious" medical need.

Turning to the subject component, however, Plaintiff has failed to allege that Defendant Moore acted with deliberate indifference towards Plaintiff's serious medical needs. While Plaintiff alleges the Defendant Moore "gave [Plaintiff] no medical attention," Plaintiff also alleges that "they told me to drink plenty of fluids and I'd be all right but I wasn't." (ECF No. 1-1 at PAGEID ## 10, 12.) Thus, it appears that Plaintiff's claim against Defendant Moore can be reduced to "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment," which "does not amount to an Eighth Amendment claim." *Apanovitch*, 32 F. App'x at 707.

Accordingly, it is **RECOMMENDED** that Plaintiff's medical deliberate indifference claim against Defendant Moore be **DISMISSED** in its entirety.

## III.

On February 11, 2021, Plaintiff also filed a letter to the Court requesting "to be appointed [] Legal Counsel representation for my case." (ECF No. 8.) Although this Court has statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id.* at 606. The Court has evaluated whether such exceptional circumstances exist in this case and determines that the appointment of counsel is not warranted at this juncture. Accordingly, Plaintiff's request for the appointment of counsel, ECF No. 8, is **DENIED WITHOUT PREJUDICE**.

## IV.

For the reasons stated above, it is **RECOMMENDED** that the Court **DISMISS** this action in its entirety. The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's request for the appointment of counsel, ECF No. 8.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

**Date: May 3, 2021**

**/s/ *Elizabeth A. Preston Deavers***
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**